## U.S. Bank N.A. v Glasgow

2024 NY Slip Op 34387(U)

December 13, 2024

Supreme Court, Kings County

Docket Number: Index No. 508105/2013

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 13th day of December, 2024.

PRESENT:

HON. DEREFIM B. NECKLES,

Acting Justice.

-------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,

Plaintiff,

- against -

Index No. 508105/2013

FERNELLA GLASGOW; MNM BROOKLYN TRUST, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DECISION ONE MORTGAGE COMPANY, LLC, JANICE TAYLOR, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIORNMENTAL CONTROL BOARD, LETITIA HAY, LESLIE DUNCAN, AND WALTER DERERICK,

Defendants.

-------------------------------------------X

The following e-filed papers read herein:

NYSCEF Doc Nos.

Order to Show Cause/Affidavits (Affirmations) Annexed 164-185, 187
Opposition to Order to Show Cause 191-200

Upon the foregoing papers in this proceeding, defendant MNM Brooklyn Corporation ("MNM") moves by order to show cause (under mot. seq. 4) for an order (1) vacating the judgment of foreclosure and sale dated September 3, 2020, (2) vacating the order of reference dated July 1, 2019, (3) vacating the March 4, 2024 order, substituting

the appointed referee to sell the property, (4) allowing the movant to intervene, and (5) dismissing the action.

### Background

On December 19, 2013, plaintiff commenced the instant action to foreclose a mortgage encumbering the subject property at 3708 Avenue H in Brooklyn (Block 7583, Lot 40). According to the complaint, defendant Fernella Glasgow defaulted on the subject mortgage on August 19, 2008. The defendants were served with the summons and complaint, but Glasgow was the only defendant to file an answer. On October 3, 2014, plaintiff moved for summary judgment and for the appointment of a referee to compute the amount due and owing. Defendant Glasgow cross-moved for an order denying plaintiff's motion or in the alternative, allowing Glasgow to file a late answer. By order dated June 20, 2017, the court denied both motions, finding that plaintiff failed to prove that the 1304 notices and default notices were sent, and MNM waived jurisdictional defenses by appearing through counsel prior to serving the cross-motion.

This action proceeded to a non-jury trial on October 30, 2018. A verdict was returned in favor of plaintiff by decision dated April 4, 2019, in which Judge Leon Ruchelsman found that plaintiff (Wells Fargo Bank) has established standing, as well as demonstrated its strict compliance with the RPAPL 1304 notice and the contractual notice of default requirement of the mortgage. On July 1, 2019, the court granted plaintiff's motion for a default judgment and an order of reference. Thereafter, by order dated September 3, 2020, the court granted plaintiff's motion for a judgment of foreclosure and

2

[* 2]

sale. Defendant appealed the judgment of foreclosure and sale order, but it was affirmed by the Appellate Division on July 19, 2023.

On March 4, 2024, the court granted plaintiff's motion to substitute the referee to conduct the foreclosure auction. MNM now files the instant order to show cause to dismiss the action.

## Discussion

In support of its motion, MNM, through its attorney, asserts that the judgment of foreclosure and sale is based upon fraud. MNM alleges that there are multiple conflicting copies of the original note, and at least one of those notes is fake. MNM argued, *inter alia*, based on these grounds, plaintiff lacks standing, and the judgment of foreclosure and sale must be vacated.

As a matter of law, the judgment of foreclosure and sale must be considered "final as to all questions at issue between the parties and concludes all matters of defense which were or might have been litigated in the foreclosure action." (*Wells Fargo Bank N.A. v. Graziano*, 192 AD3d 1192, 1192 [2d Dept 2021].) Where a party has had a full and fair opportunity to fully litigate an issue, the Court's decision on that issue becomes the law of the case precluding further litigation. (*See Gentile v. Gentile*, 172 AD3d 688, 690 [2d Dept 2019].)

Here, arguments concerning plaintiff's standing in this action have been previously litigated and decided both by this court, and the Appellate Division, Second Department. By order dated July 19, 2023, the Appellate Division affirmed this court's September 3,

[* 3]

2020 decision, holding that the Supreme Court properly determined that the plaintiff, Wells Fargo Bank, had standing to commence the action and plaintiff had established standing by demonstrating that a copy of the note, endorsed to the original lender, was filed with the Supreme Court, on the date this action was commenced.

Based on the above foregoing, defendant MNM's arguments regarding standing are barred by the doctrine of law of the case. In view of the court's determination, this court need not reach defendant's remaining contentions.

Accordingly, it is

**ORDERED** that defendant's order to show cause is denied in all respects.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

KINGS COUNTY CLERK
FILED
2024 DEC 17 A 9:26

4